## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

               Plaintiff,

    v.

EZPAWN ALABAMA, INC.
d/b/a EZPAWN

             Defendant.

2014 SEP 30 P 2: 17

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CIVIL ACTION NO. 2:14-cv-1011 wkw

C O M P L A I N T

**Jury Trial Demanded**

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Latori Payne who was adversely affected by such practices.

As alleged with greater particularity in paragraphs thirteen (13) through twenty (20) below, Plaintiff Equal Employment Opportunity Commission alleges Defendant, EZPAWN Alabama, Inc., failed to promote Latori Payne because of her sex, female, in violation of Title VII.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 703(a) and § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a), § 2000e-5(f)(1), and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama and the United States District Court for the Northern District of Alabama.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, EZPAWN Alabama, Inc., ("Defendant" or "EZPAWN"), an Alabama corporation, has been continuously doing business in the State of Alabama and the City of Tuscaloosa and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, on December 29, 2011, Latori Payne filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On January 3, 2012, Defendant was notified of Payne's Charge of Discrimination and was provided a copy of the charge.

8. On July 10, 2013, the EEOC issued a Determination finding that EZPAWN discriminated against Latori Payne.

9.      On July 10, 2013, the EEOC invited the parties to resolve the case through its conciliation process.

10.     The parties engaged in conciliation negotiations but were unable to reach an agreement.

11.     On August 19, 2014, the EEOC issued a conciliation failure letter.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

13.     Since at least August 2011, Defendant has engaged in unlawful employment practices at its Tuscaloosa, Alabama store in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  In particular, Defendant failed to promote Latori Payne to a management position at its Tuscaloosa, Alabama store on at least two occasions because of her sex, female.

14.     Defendant hired Latori Payne, a parent and mother of three, as a Pawnbroker at its Tuscaloosa, Alabama store in May, 2008.

15.     Defendant assessed Payne as a valued employee, giving her raises, good performance evaluations, and commending her for, among other things, outstanding productivity, good customer service, helping co-workers, and always coming to work as scheduled.

16.     In May 2011, Defendant promoted Latori Payne to Certified Lead Pawnbroker, and in her July 2011 performance evaluation noted that she comes to work as scheduled, is always ready to help associates, and "does a very good job teaching others."

17.     In the Summer of 2011, Latori Payne expressed an interest in being promoted to the Assistant Store Manager position at the Tuscaloosa, Alabama store, a position for which she was qualified.

18.     In the Fall of 2011, Latori Payne expressed an interest in being promoted to the Store Manager position at the Tuscaloosa, Alabama store, a position for which she was qualified.

19.     Defendant refused to promote Latori Payne to either position because it concluded that because she is female, her childcare obligations would render her insufficiently flexible for the senior management positions.

20.     Instead of promoting Latori Payne to the positions, Defendant hired male applicants who were less qualified than Latori Payne.

21.     The effects of the practices complained of in paragraphs thirteen (13) through twenty (20) above has been to deprive Latori Payne of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

22.     The unlawful employment practices complained of in paragraphs thirteen (13) through twenty (20) above were intentional.

23.     The unlawful employment practices complained of in paragraphs thirteen (13) through twenty (20) above were done with malice and reckless indifference to the federally protected rights of Latori Payne, an employee who was aggrieved by the discriminatory practices.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of sex.

B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for females, and which eradicate the effects of its past and present unlawful employment practices.

4

C.      Order Defendant to make whole Latori Payne by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and any other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful placement into the position for which she was qualified but unlawfully denied.

D.      Order Defendant to make whole Latori Payne by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs thirteen (13) through twenty (20) above in amounts to be determined at trial.

E.      Order Defendant to make whole Latori Payne by providing compensation for nonpecuniary losses resulting from the unlawful employment practices described in paragraphs thirteen (13) through twenty (20) above, including emotional pain, suffering, inconvenience, isolation, depression, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Latori Payne punitive damages for its malicious and/or reckless conduct described in paragraphs thirteen (13) through twenty (20) above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

5

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

C. EMANUEL SMITH (MS # 7473)
Regional Attorney

JULIE BEAN (DC # 433292)
Supervisory Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
1139 22nd Street, Suite 2000
Birmingham, AL 35205
Telephone: (205) 212-2045